# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ABRAHAM ALFARO, PhD., D.O.

### DEFENDANTS
BACHARACH INSTITUTE FOR REHABILITATION

**(b)** County of Residence of First Listed Plaintiff: **Atlantic**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Atlantic**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Katherine C. Oeltjen, Esquire
Console Mattiacci Law, LLC 110 Marter Avenue, Suite 502, Moorestown, NJ 08057 856-854-4000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane — [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability — [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability — [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle — [ ] 370 Other Fraud | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability — [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury — [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice — [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights — **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting — [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment — [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations — [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment — [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other — **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education — [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA"); N.J.S.A. 10:5-1, et seq. ("NJLAD")

Brief description of cause:
Plaintiff is bringing this action against his former employer for age discrimination.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** in excess of $75,000
- CHECK YES only if demanded in complaint:
  **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE: May 14, 2021

SIGNATURE OF ATTORNEY OF RECORD: */s/ Katherine C. Oeltjen*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABRAHAM ALFARO, PhD, D.O.<br>Linwood, NJ 08221<br><br>　　　　　　Plaintiff,<br>　v.<br><br>BACHARACH INSTITUTE FOR REHABILITATION<br>61 West Jimmie Leeds Road<br>Pomona, NJ 08240<br>　　　　　　Defendant. | CIVIL ACTION NO.:<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## I.　INTRODUCTION

Plaintiff, Dr. Abraham Alfaro ("Plaintiff"), brings claims against his former employer, Bacharach Institute for Rehabilitation ("Defendant") after he was terminated from his position as a Staff Physiatrist at age seventy-seven (77) and following nearly twenty-four (24) years of exemplary service. Plaintiff brings claims pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"), and seeks all appropriate relief including back-pay, front-pay, compensatory, liquidated, and punitive damages and attorneys' fees and costs.

## II.　PARTIES

1.　Plaintiff, Abraham Alfaro, is an individual and a citizen of the State of New Jersey. He resides in Linwood, NJ 08221.

2.　Plaintiff is seventy-eight (78) years old.

1

3. Defendant Bacharach Institute for Rehabilitation is organized under the laws of the state of New Jersey with a principal place of business located at 61 West Jimmie Leeds Road, Pomona, New Jersey 08240.

4. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the state of New Jersey.

5. At all times material hereto, Plaintiff worked out of Defendant's facilities in New Jersey.

6. At all times material hereto, Defendant employed twenty (20) or more employees.

7. At all times material hereto, Defendant acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of its business.

8. At all times material hereto, Defendant was an employer within the meaning of the statutes which forms the basis of this matter.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which forms the basis of this matter.

### III. JURISDICTION AND VENUE

10. The causes of action which form the basis of this matter arise under the ADEA and the NJLAD.

11. The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. §1331.

12. The District Court has supplemental jurisdiction over Count II (NJLAD) pursuant to 28 U.S.C. § 1367.

13. Venue is proper in the District Court under 28 U.S.C. §1391(b).

14. On or about June 8, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein. Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

15. On or about February 25, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for Plaintiff's EEOC Charge. Attached hereto and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

16. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV. **FACTUAL ALLEGATIONS**

17. Plaintiff was hired by Defendant on or about June 24, 1996 as a Staff Physiatrist.

18. Defendant is an inpatient and outpatient rehabilitation facility specializing in the treatment of patients with strokes, spinal cord and brain injuries, and other debilitating disorders.

19. Plaintiff is a physician who is licensed as a D.O. in New Jersey. He is board certified in Physical Medicine and Rehabilitation, and subspecialty certified in Spinal Cord Injury Medicine. Without limitation, he diagnoses and treats people who have functional deficits (e.g. difficulty walking or using their arms and/or legs for daily activities.)

20. Plaintiff consistently performed his job duties well. Given the highly specialized nature of his work, there was often a lengthy wait time for patients seeking appointments.

21. Plaintiff also spoke at professional conferences and lectured about his procedures locally and nationally.

22. Plaintiff last reported to Richard Kathrins ("Kathrins"), President and Chief Executive Officer of Defendant.

23. Plaintiff was the oldest employee reporting to Kathrins. Kathrins is substantially younger than Plaintiff.

24. In addition to Plaintiff, the following Staff Physiatrists also reported to Kathrins:

    a. Salvatore Russomano ("Russomano") (55);

    b. Wei Xu ("Xu") (56);

    c. Marianne Sturr ("Sturr") (61); and

    d. Ross Berlin ("Berlin") (63).

25. Plaintiff was at least equally qualified to perform the duties required of the positions filled by the employees identified above and substantially more qualified to perform diagnosis and treatment of patients with spasticity and dystonia.

26. In or about June, 2019, Kathrins asked Plaintiff if he wanted to transition from seeing both inpatients and outpatients to seeing outpatients only.

27. Plaintiff responded that he wanted to remain in his position, seeing all patients.

28. Following the conversation with Kathrins, also in or about June, 2019, Defendant hired Russomano.

29. In hiring Russomano, Defendant increased the total number of Staff Physiatrists from four (4) to five (5).

30. On or about April 30, 2020, Kathrins terminated Plaintiff during a telephone call.

31. Defendant's stated reason for terminating Plaintiff was that "[his] position was being eliminated as part of a downsizing and cost reduction."

32. Plaintiff asked why the Defendant's practice of "last-hired, first-fired" was not followed with this "cost reduction" as it had been in the past.

33. Kathrins responded that "last-hired, first-fired" did not apply.

34. In addition to Plaintiff, Berlin, the second oldest Staff Physiatrist reporting to Kathrin, was terminated.

35. The Defendant did not offer any explanation why Plaintiff was terminated while substantially younger employees hired after Plaintiff were retained.

36. The Defendant gave Plaintiff a summary list pursuant to the Older Workers' Benefit Protection Act ("OWBPA list") as part of an effort to have Plaintiff release any and all legal claims against the Defendant under the ADEA.

37. The OWBPA List failed to identify any objective criteria used to select Plaintiff and Berlin for termination.

38. Before being notified of his termination, Plaintiff had no indication that his job was in jeopardy.

39. Plaintiff's job duties remained and they were assigned to substantially younger employees.

40. Defendant's stated reason for his discriminatory termination is pre-textual.

41. Plaintiff's age was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff including without limitation, in connection with Plaintiff's termination.

42. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity,

loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

## **COUNT I – ADEA**

44. Plaintiff incorporates herein by reference paragraphs 1 to 43 above, as if set forth herein in their entirety.

45. By committing the foregoing acts of discrimination against Plaintiff, Defendant violated the ADEA.

46. Defendant's violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

47. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

48. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## **COUNT II – NJLAD**

49. Plaintiff incorporates herein by reference paragraphs 1 to 48 above, as if set forth herein in their entirety.

50. Defendant, by the above-described discriminatory and retaliatory acts, has violated the NJLAD.

51. Members of Defendant's upper management had actual participation in, or willful indifference to, Defendant's wrongful conduct described herein, and their conduct warrants the imposition of punitive damages against Defendant.

52. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

53. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory and unlawful acts unless and until this Court grants the relief requested herein.

54. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) declaring the acts and practices complained of herein to be a violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the NJLAD;

(c) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(d) enjoining and restraining permanently the violations alleged herein;

(e) awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory, retaliatory, and unlawful misconduct;

(f) awarding liquidated damages;

(g) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(h) awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(i) awarding punitive damages to Plaintiff;

(j) awarding Plaintiff such other damages as are appropriate under the ADEA and the NJLAD; and

(k) granting such other and further relief as this Court deems appropriate.

                                     **CONSOLE MATTIACCI LAW, LLC**

Dated: May 14, 2021              BY:    <u>*/s/ Katherine C. Oeltjen*</u>
                                                   Katherine C. Oeltjen (57372013)
                                                   **CONSOLE MATTIACCI LAW LLC**
                                                   110 Marter Avenue, Suite 502
                                                   Moorestown, NJ 08057
                                                   Telephone: (856) 854-4000
                                                   Facsimile: (215) 565-2852

                                                   *Attorneys for Plaintiff Abraham Alfaro*

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA<br>X EEOC | |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>**Abraham Alfaro** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>REDACTED | |
|---|---|---|
| STREET ADDRESS<br>REDACTED | CITY, STATE AND ZIP<br>Linwood, NJ 08221 | DATE OF BIRTH<br>REDACTED |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Bacharach Institute for Rehabilitation** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(609) 652-7000 |
|---|---|---|
| STREET ADDRESS<br>61 West Jimmie Leeds Road | CITY, STATE AND ZIP<br>Pomona, NJ 08240 | COUNTY<br>Atlantic |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>☐ Race ☐ Color ☐ Sex ☐ Religion ☐ National Origin<br>☐ Retaliation  X Age  ☐ Disability ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>Earliest          Latest 04/30/2020 |
|---|---|

**The Particulars Are:**

A.  1.  Relevant Work History

I was hired by Respondent on or about June 24, 1996. I held the position of Staff Physiatrist. I reported to Richard Kathrins (60[a]), President and Chief Executive Officer.

Respondent terminated my employment because of my age. I was age seventy-seven (77) with more than twenty-three (23) years of service at Respondent. When I was terminated, Respondent retained substantially younger employees in positions for which I was equally, if not more, qualified. Respondent terminated the two (2) oldest Staff Physiatrist employees and retained the three (3) youngest Staff Physiatrist employees, all of whom were substantially younger than me and hired after I was hired.

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly competent manner and received positive feedback.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | |
| Date: 06/08/2020   Charging Party *(Signature)*: *Abraham Alfaro* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---

[a] All ages herein are approximations.

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party – AA

2. Harm Summary

I have been discriminated against because of my age (77). Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following.

(a) I was the oldest employee reporting to Kathrins.

(b) In addition to me, the following Staff Physiatrist employees reported to Kathrins. I was equally, if not more, qualified to perform these employees' positions.

   i. Salvatore Russomano (55);

   ii. Wei Xu (56);

   iii. Marianne Sturr (61); and,

   iv. Ross Berlin (63).

(c) In or about June 2019, Kathrins asked me if I wanted to transition from seeing both inpatients and outpatients to seeing only outpatients. I responded that I wanted to remain in my current position, seeing all patients.

(d) In or about June 2019, following the above conversation, Respondent hired Russomano (55).

(e) In or about June 2019, when Respondent hired Russomano (55), Respondent increased the number of Staff Physiatrist employees from four (4) to five (5).

(f) On April 30, 2020, on a phone call with Kathrins, Respondent terminated my employment, effective immediately. The stated reason was that my "position [wa]s being eliminated as part of a downsizing and cost reduction." Kathrins told me that I could continue to see outpatients at Respondent as an independent contractor in the fall. I stated that, in the past, the employee last hired was the first employee fired, and asked why that was not followed in this situation, as all Staff Physiatrist employees held the same position. Kathrins responded that the last-hired-first-fired did not apply here.

(g) Respondent terminated my employment because of my age.

(h) Respondent offered no explanation, including the selection criteria, as to why I was terminated and the substantially younger employees who were hired after me were being retained.

(i) Before the termination phone call, I had no indication that my job was in jeopardy.

(j) I received positive performance ratings throughout my employment.

(k) In addition to me, Berlin (63) was terminated effective April 30, 2020.

(l) Respondent assigned my job duties to substantially younger employees. I was as, if not more, qualified and experienced to perform my job duties than the substantially younger employees to whom Respondent assigned my job duties.

EEOC Charge of Discrimination
Page 3 of 3
Initials of Charging Party – AA

(m) Respondent retained the youngest employees in my position, Staff Physiatrist, when I was terminated.

(n) Respondent terminated the oldest employees in my position, Staff Physiatrist, when I was terminated.

(o) Respondent's age discrimination has caused me emotional distress.

B. 1. Respondent's Stated Reasons

(a) Respondent's stated reason for terminating my employment, that my position was being eliminated as part of a downsizing and cost reduction, is pretext for age discrimination.

C. 1. Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (77), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD") as set forth herein.

# EXHIBIT 2

EEOC Form 161 (11/2020) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Abraham Alfaro<br>REDACTED<br>Linwood, NJ 08221 | From: | Baltimore Field Office<br>G.H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-04144 | Brandon S. Sanders, Investigator | (410) 801-6688 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit.  This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Rosemarie Rhodes* (signature)

**Rosemarie Rhodes, Director**

02/25/2021
*(Date Issued)*

Enclosures(s)

cc:

| Diane Croshaw<br>**Vice President, Human Resources**<br>**Bacharach Institute for Rehabilitation, Inc.**<br>61 West Jimmie Leeds Road<br>Pomona, NJ 08240 | Emily R. Derstine Friesen, Esq.<br>**Console Mattiacci Law, LLC**<br>1525 Locust Street, 9th Floor<br>Philadelphia, PA 19102 |
|---|---|

Enclosure with EEOC
Form 161 (11/2020)

# Information Related to Filing Suit
## Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**Private Suit Rights**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**Private Suit Rights**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**Attorney Representation**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**Attorney Referral and EEOC Assistance**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*If you file suit, please send a copy of your court complaint to this office.*

Enclosures(s)

cc: **Melissa Kanbayashi**
**Marks/O'Neill**
**Cherry Tree Corporate Center**
**535 Route 38 East, Suite 501**
**Cherry Hill, NJ 08002**